UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RENALDO MASON,<br><br>Defendant. | Criminal Action No. TDC-20-0217 |

**MEMORANDUM ORDER**

Defendant Renaldo Mason, a federal prisoner at the Federal Correctional Institution Loretto ("FCI-Loretto") in Loretto, Pennsylvania, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 53, 56. In his Motion, Mason seeks a sentence reduction or release based primarily on the fact that his conviction under 18 U.S.C. § 924(c) renders him ineligible for certain time credits that may otherwise be available to him under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018).

On January 12, 2021, Mason pleaded guilty to (1) Count 1: possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); and (2) Count 2: possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On April 27, 2021, Mason was sentenced to a total term of imprisonment of 61 months, to be followed by three years of supervised release. In light of credit for pretrial detention and projected good time credits, Mason is currently scheduled to be released on January 8, 2025.

Upon receiving the Motion, the Court forwarded it the Office of the Federal Defender for the District of Maryland ("OFD") and requested notification of whether the OFD would seek to

enter an appearance on behalf of Mason and submit additional briefing. The OFD declined to do so.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the FSA, the compassionate release provision was modified to also allow prisoners to seek a sentence reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Mason has not established that he made a request to the Warden of FCI-Loretto for compassionate release or a sentence reduction, so he has not exhausted administrative remedies. The Motion will therefore be denied.

2

## I. Extraordinary and Compelling Reasons

Even if the Court could consider the Motion, it would nevertheless deny it because Mason has not established extraordinary and compelling reasons for compassionate release or a sentence reduction. Mason primarily argues that such relief is warranted because his § 924(c) conviction has rendered him ineligible to receive certain time credits under the FSA for completing evidence-based recidivism reduction programming or other productive activities, *see* 18 U.S.C. § 3632(d)(4), particularly because his particular violation under § 924(c), for possession of a firearm in furtherance of a drug trafficking crime, is a non-violent offense. This provision, however, specifically excludes from eligibility for these FSA time credits inmates who have been convicted under § 924(c) for "possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). Where Congress made the determination to exclude from eligibility for such credits defendants with the specific form of a § 924(c) conviction that Mason sustained, without regard to whether it was violent offense, the fact that Mason has not received such credits does not establish extraordinary and compelling reasons for a sentence reduction.

Likewise, Mason's related claims that he should receive a sentence reduction because his § 924(c) conviction undisputedly rendered him ineligible for the Residential Drug Abuse Program ("RDAP"), which could also result in certain time credits, or for early placement in a Residential Reentry Center ("RRC") placement, are unpersuasive. The limitations on FSA credits, RDAP credits, and RRC placement were already in place at the time of Mason's sentencing in 2021, so the fact that they have been applied by BOP is not surprising to the Court and does not establish extraordinary and compelling reasons.

Mason offers other arguments relating to his § 924(c) conviction, including that the FSA changed § 924(c) to the point that there is no longer a mandatory minimum sentence for possession of a firearm in furtherance of a non-violent drug trafficking offense, such that the Court was not required to and should not have applied the mandatory minimum five-year sentence on that conviction. He also argues that § 924(c) is unconstitutionally vague, and that the firearm at issue in his offense did not travel in interstate commerce. These arguments fail. First, the FSA's changes relating to § 924(c), particularly those relating to the stacking of multiple § 924(c) charges, did not alter the statutory requirement of a mandatory minimum sentence on a single § 924(c) conviction for possession of a firearm in furtherance of a drug trafficking offense. Accordingly, the claim that the Court could have or should have refrained from applying that requirement is meritless. Second, upon review of Mason's arguments relating to vagueness and interstate commerce, the Court finds no persuasive authority or reasoning that would cause it to invalidate the § 924(c) conviction or to find extraordinary and compelling reasons for granting a sentence reduction under either theory. Lastly, although Mason references his post-offense rehabilitation, he has not identified actions taken that, individually or collectively, demonstrate extraordinary and compelling reasons.

Because Mason has not established extraordinary and compelling reasons for compassionate release or a sentence reduction, the Motion will be denied.

**II.    18 U.S.C. § 3553(a)**

Even if the Court were to find extraordinary and compelling reasons, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a). Here, the nature and circumstances of this offense included the discovery of a firearm, ammunition, crack cocaine, materials relating to drug trafficking, and a large quantity of cash in Mason's residence.

Presentence Investigation Rep. ("PSR") ¶ 7, ECF No. 37. Although this was a serious offense, the Court recognized at sentencing that it was not the most serious form of this crime, and that Mason did not have an extensive criminal history at the time, and thus granted a substantial downward variance on Count 1. As a result, the final, total sentence of 61 months was substantially lower than the applicable United States Sentencing Guidelines range of 101-111 months in total. Having already granted a substantial downward variance, the Court finds that an additional reduction at this point is not compatible with the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and provide adequate deterrence, even considering the facts that Mason has not received certain time credits because of his § 924(c) conviction and that he has engaged in certain post-offense rehabilitation. *See* 18 U.S.C. § 3553(a). So even if the requirement of extraordinary and compelling reasons were deemed to have been met, the Court would not grant the requested sentence reduction. The Motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Mason's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 53, 56 is DENIED.

Date: November 16, 2023

THEODORE D. CHUANG
United States District Judge